IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MILLER, | : | |
| | : | 2:13-CV-00124 (Miller) |
| Plaintiff, | : | 2:13-CV-00125 (Crozier) |
| | : | 2:13-CV-00126 (Coleman) |
| v. | : | 2:13-CV-00127 (Gibbs) |
| | : | 2:13-CV-00129 (Johnson) |
| FOOD CONCEPTS INTERNATIONAL, | : | 2:13-CV-00130 (Troyer) |
| LP, et al, | : | 2:13-CV-00132 (Tigner) |
| | : | 2:13-CV-00133 (McEldowney) |
| Defendants. | : | 2:13-CV-00134 (Keegan) |
| | : | |
| | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| | : | Magistrate Judge Deavers |
| | : | |

**OPINION & ORDER**

Before the Court is Defendants' Motion *in Limine* to Exclude the Testimony of Plaintiffs' opinion witness Stephen C. Oberhousen.  (Doc. 125)  The Motion is **GRANTED**.

### I.   BACKGROUND

### A.  Procedural History

Plaintiff Joseph Miller commenced this action against Defendants Darren Del Vecchio, Food Concepts International, LP, and Abuelo's International LP (collectively, "Defendants") in the Franklin County Court of Common Pleas.  Nine other plaintiffs also filed Complaints against the Defendants, and Defendants removed all the cases to this Court on February 12, 2013.  The cases were consolidated for purposes of discovery and, later, nine Plaintiffs' motions for prejudgment attachment.  Plaintiffs were former and current employees of Abuelo's restaurant in

1

Columbus, Ohio. All Plaintiffs pleaded violations of the Fair Labor Standards Act ("FLSA") and breach of contract claims. (*See* Doc. 38 at 1.)[1]

Defendants began taking a deposition of Oberhousen but have not yet completed it. On a July 29, 2015 telephonic status conference with Magistrate Judge Deavers, upon information from counsel that Defendants intended to file a motion under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to contest whether Oberhousen was qualified as an opinion witness, the Magistrate Judge instructed the parties to convert the August 31, 2015 summary-judgment motion deadline to a *Daubert* motion deadline. (Doc. 125-2 at 15-16.) Defendants were ordered to file their *Daubert* motion, at which point the Court would issue a ruling on the motion and then, if it ruled in Plaintiffs' favor on the motion, Defendants would have the opportunity to continue the deposition for the purpose of assessing the content of Oberhousen's report and methodology. (*Id.* at 16.)

Accordingly, Defendants filed this motion *in limine* to exclude the testimony of Plaintiffs' opinion witness, Stephen C. Oberhousen, on August 31, 2015, contending that: (1) Oberhousen is unqualified to render any expert opinion in this case; (2) any opinion he would offer would not assist the trier of fact; (3) he intends to testify to a legal conclusion regarding the FLSA; and (4) he is unqualified as a witness because Fortune Law Limited, Plaintiffs' counsel's law firm, is Oberhousen's joint employer. (Doc. 125.) Plaintiffs filed two motions for extension of time to file their response in opposition to Defendants' motion *in limine*, which the Court granted, and then filed the response at 11:59 p.m. on October 7, 2015, the date it was due. (Doc. 132.) At 12:42 a.m. on the following day, Plaintiffs filed exhibits in support of the response. (Doc. 133.) Defendants moved to strike the exhibits as untimely, and the Court granted the

---

[1] Unless otherwise specified, all document citations are to the docket in *Miller v. Food Concepts*, Case No. 2:13-cv-124.

motion for the reasons stated in its April 27, 2016 order.[2]  (Doc. 145.)  Therefore, the Court will now consider Defendants' pending motion *in limine* without the exhibits in question.

### B.  Oberhousen's Qualifications

Oberhousen holds a bachelor of science degree in finance from Louisiana State University-Shreveport and a Masters of Business Administration from Louisiana Tech University.  (Oberhousen Curriculum Vitae, Doc. 125-3 at 1.)  Oberhousen admitted in his deposition that he is not an expert in the FLSA and he has never written or published any articles regarding wage-and-hour issues or damages calculations.  (Deposition of Stephen C. Oberhousen, Doc. 125-1 at 139-40.)  He is not a member of any relevant professional organizations nor does he hold any pertinent professional licenses.  (*Id.* at 34-36, 38-39.)  Oberhousen is currently employed as a Utility Locate Technician for United States Infrastructure Corporation ("USIC"), a provider of underground utility locating services.  (*Id.* at 48-49.)  In that capacity, Oberhousen inspects job sites, determines whether there are abnormal operating conditions at the sites, and marks and flags utilities.  (*Id.* at 51-53.)

Oberhousen is also employed by 521 Hill Road, Limited ("521 Hill Road"), which he characterized as a provider of administrative services, damages calculations, and expert witness services to Fortune Law Limited, the law firm of Plaintiffs' counsel, Wesley T. Fortune.  (*Id.* at 105, 107-08.)  Oberhousen stated in his deposition that in this capacity he provided services to Fortune Law Limited without receiving compensation at times.  (*Id.* at 124-25, 129-30, 139.)  In addition to working without compensation, he also invested upwards of $15,000-16,000 of his

---

[2] Defendants also requested an extension of time to file their reply to Plaintiffs' response in opposition to the motion *in limine*.  The Magistrate Judge granted an extension of 14 days from the date of the order on the motion to strike.  (Doc. 135.)  Defendants filed their reply on May 11, 2016.  (Doc. 146.)

3

personal funds into 521 Hill Road, and in the future he hopes to earn a partnership stake in the business.  (*Id.* at 177-79.)  521 Hill Road was formerly owned by Wesley Fortune's father, Robert L. Fortune, St., and since September 1, 2015 has been owned by Plaintiffs' counsel, Wesley Fortune.  (Doc. 132 at 12.)

Before his job with USIC, Oberhousen was employed as a salesman for two car dealerships during parts of 2014 and 2015.  (Oberhousen Dep., Doc. 125-1 at 53-54; 59-60; 138-39.)  Previously, he worked in the invoice departments of several companies and as a business development manager in the utility bill pay department for the National Information Solutions Cooperative ("NISC"), where he was responsible for expanding the third-party bill pay service, handled monthly invoicing and payables, documented transactions, and performed cost analysis and trends.  (*Id.* at 64-66.)  In a previous job with Pilkington North America, a glass manufacturer and wholesaler, as a regional operations manager, he managed a staff and handled human resources issues, including staff, scheduling, and payroll.  (*Id.* at 81-83.)

On his curriculum vitae, Oberhousen lists five wage-and-hour matters where he has provided "financial analysis and opinion" regarding wage and hour claims.  (Doc. 125-3 at 1.)  In all five cases, the plaintiffs were represented by Fortune.  Three of the cases are suits against Defendants in this case.  (*Id.*)  During Oberhousen's deposition, he declined to answer questions regarding his role as an expert witness in these cases, citing attorney-client privilege, other than to say that he was retained to provide expert witness services to the plaintiffs in his capacity as an employer for 521 Hill Rd.  (*Id.* at 147-58.)  Oberhousen did not provide an expert report in connection with the three matters against Defendants.

## II.     LEGAL STANDARDS

Federal Rule of Evidence 702 governs the testimony of expert witnesses and provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  This rule reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (citing Fed. R. Evid. 702 advisory committee's notes to 2000 amendments).

Together, Rule 702, *Daubert*, and *Kumho Tire* establish that district courts may admit proposed expert testimony only if it satisfies three requirements.  *Id.* at 528-29 (describing the district courts' responsibility "of acting as gatekeepers to exclude unreliable expert testimony").  First, "the witness must be qualified by 'knowledge, skill, experience, training, or education.'"  *Id.* at 529 (quoting Fed. R. Evid. 702).  Second, the proposed testimony "must be relevant, meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact in issue.'"  *Id.* (quoting Fed. R. Evid. 702).  Third, "the testimony must be reliable."  *Id.*  To be relevant, expert testimony must "fit" with the issues to be resolved at trial.  *Greenwell v. Boatwright*, 184 F.3d 492, 496 (6th Cir. 1999).  The reliability requirement, in contrast, focuses on the methodology and principles underlying the testimony.  *Id.* at 496-97.  The proponent of the testimony—in this case, Plaintiffs—must establish admissibility by a preponderance of the

evidence. *Nelson v. Tenn. Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n.10).

## III. ANALYSIS

Defendants contend that the Court should disqualify Oberhousen as an expert because he is not qualified to render the proffered opinions. (Doc. 125 at 14-15.) They argue that, by his own admission, Oberhousen is not an expert on the FLSA or the subject-matter of the case. (*Id.* at 14.) Moreover, although he claims to have a background in financial analysis, he has no educational credentials, professional licenses, certifications, or coursework in the relevant subject-matter. (*Id.* at 14-15.) The financial analysis at issue, they contend, is simply a familiarity with Microsoft Excel and an ability to make simple calculations, which do not qualify a witness as an opinion witness. (*Id.* at 15.)

Plaintiffs counter that Defendants have destroyed relevant evidence and refused to produce other evidence in their possession, and that as a result, Oberhousen was forced to convert to electronic format more than 60,000 pages of hard copy and to work with individual Plaintiffs to "recreate" each employee's relevant employee data to prove individual injuries and damages. (Doc. 132 at 10, 5.) Plaintiffs do not dispute that Oberhousen is not an expert on the FLSA or wage-and-hour damages calculations specifically; rather, they argue that Oberhousen's background in handling and analyzing massive quantities of hardcopy and electronic data qualifies him to process and analyze the data at issue in the damages calculations in this case. (*Id.* at 11.) The remainder of Plaintiffs' opposition focuses on an argument that the Court cannot rule on Oberhousen's qualifications to proffer testimony on damages calculations without first understanding the scientific methods and approaches used, which, Plaintiffs contend, are the

6

same methods used by the United States Department of Labor in calculating damages in wage-and-hour litigation.  (*Id.* at 5-6, 11.)

The Court must evaluate the qualifications of a witness not "in the abstract" but based on "whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994).  Defendants are persuasive that Oberhousen lacks the qualifications to opine on harm to Plaintiffs or calculations of damages resulting therefrom.  First, although Oberhousen professes to have been involved as an opinion witness in five matters, there is no evidence that he has submitted an expert report in any of these matters and in his deposition he gave little to no indication of the type of opinions he offered in those cases.  Second, he lacks any relevant "knowledge, skill, experience, training, or education" in any subject-matter area at issue in this case.  Fed. R. Evid. 702.  Although Oberhousen holds an MBA and has some experience with data management, the Court finds that this training and experience is not relevant to the issues of harm and damages calculations to which Oberhousen intends to testify.  His testimony does not "result[] from a process of reasoning which can be mastered only by specialists in the field." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 219 F.R.D. 587, 591 (W.D. Tenn. 2004) (quoting citing Fed. R. Evid. 701 advisory committee's notes to 2000 amendments).  The Court considers Oberhousen's contributions to this case to be administrative, which does not qualify him as an opinion witness.  Therefore, the Court will exclude Oberhousen as an expert witness under Rule 702 because he is not qualified by his knowledge, skill, experience, training, or education to offer opinion testimony.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion *in Limine* to Exclude the Testimony of Stephen C. Oberhousen is **GRANTED** (Doc. 125).

**IT IS SO ORDERED.**

                                                  s/ Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: May 13, 2016**